(No. 1215— )

Geo. P. Ide & Co., Inc., Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 24, 1928.*

Moses, Kennedy, Stein & Bachrach, for claimant.

Oscar E. Carlstrom, Attorney General; David J. Kadyk, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

This is a claim filed for the purpose of recovering certain sums alleged to be wrongfully collected by the Secretary of State on account of excess franchise taxes and initial fees paid by the claimant, a New York Corporation, prior to the year 1923. The Attorney General comes and defends, first, on the ground that the fees or taxes were paid without due protest or objection, and was as a matter of fact a voluntary payment. The court is of the opinion that the Attorney General presents sound reasoning on this point and the court believes that an analysis of this case would show a reasonable and sufficient defense. However, the court is of the opinion that this case should be considered largely through the reasoning of the Court of Claims in the case of the *Moline Plow Company* v. *State of Illinois,* reported in Vol. 5, Illinois Court of Claims Reports, at pages 277 and 278. In that

case this court held that claimants in this line of cases had an adequate remedy in courts of general jurisdiction and that this court did not presume to review the acts or conduct of the Secretary of State. This position is understood to be one of great moment and it certainly can be considered reasonable; that whenever a controversy arises wherein the head of a great department like that of the Secretary of the State of Illinois is involved, and wherein such controversy is permitted to be considered in the courts created by the Constitution of the State, this court or any other commission or department of the State should not take jurisdiction.

There is an element in this case that is urged by the claimant as a reason that should be considered by the court on a different theory other than that which is set forth in the Moline Plow Company case above cited and that is a provision in Section 2a of an Act in relation to the payment of public money in force as amended in 1921, and at the time of the payment of the taxes herein considered. The statute referred to is herein set forth in full, and is taken from Smith's Illinois Revised Statutes of 1921, Chapter 102, paragraph 13, and is as follows:

"13. Moneys under protest deposited with the State Treasurer. 2a. It shall be the duty of every officer, board, commission, commissioner, department, institution, arm or agency brought within the provisions of this Act by section 1 hereof to deposit with the State Treasurer any money received for or on behalf of the State under *protest*, together with a copy of the statement of *protest*, and the State Treasurer shall be ex-officio treasurer of such funds which shall not become part of the funds of the State of Illinois except as hereinafter provided. The State Treasurer shall pay such funds to the person or persons entitled to the same or into the State Treasury upon order of the Officer or his successor, having received such funds under protest. If no such order is received by the State Treasurer he shall at the expiration of two years from the time of the receipt of said funds turn the same into the proper fund into the State Treasury. *Such payment into the State Treasury shall not limit in any manner the right of any person entitled to such funds to present their claim to the Court of Claims nor prevent the General Assembly from appropriating money to pay such claims.* All such money shall be received by the State Treasurer and disbursed by him upon order of the Auditor of Public Accounts and the Auditor of Public Accounts shall keep an account of all such moneys, received, disbursed, and turned into the State Treasury as herein provided. (Added by Act filed July 13, 1921.)"

The above provision of the statute is cited for the purpose of considering the contention of the Attorney General in that proper protest or objection was not made as above

provided, which contention is considered very important as against the merits of this claim. However, the main reason for citing the above provision of the statute in force at the time of payment of the taxes in question, is to consider the force and effect of that part of the above statute regarding the presenting of a claim to the Court of Claims or to the General Assembly. It is the wish of this court to consider that part of the statute in the light of Article 3, Constitution of the State of Illinois, 1870, which is hereinafter set forth as follows:

"Distribution of Powers. Legislative—Executive—Judicial. The powers of the Government of this State are divided into three distinct departments—the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

In view of the fact that the claimants had a right to an adequate remedy in the courts created by the Constitution of the State, the very nature of any proceedings, whether it be in courts of general jurisdiction or in this court would be to review the conduct of the Secretary of State and his constitutional rights. Also that the question to be considered in this court or in any other court, certainly must be a question of law and one which most certainly ought to be considered by the Judicial Department of the State of Illinois. Therefore, this court, while reluctant about passing on the rights of the three great departments of the State, cannot be unmindful of the constitutional rights of the various departments. It must be admitted that whatever powers this court possesses comes from the Legislature and that this court has no greater power than the department that created it. And can it be assumed that the Legislature should become a court to determine or construe the decisions of the Supreme Court of the State bearing upon the rights of a claimant which is almost wholly of a legal nature, or would the Legislature desire to define or pass judgment upon the definition or construction of a statute from a constitutional viewpoint?

It is, therefore, the opinion of this court in considering the statute above cited, that the Legislature had in mind in passing the Act, the theory and object that a claimant would not be barred from redress in the Court of Claims after he followed the provision of the statute in question in the mat-

ter of protest and had followed all his other legal remedies provided by law and in the courts of general jurisdiction. It would appear proper to this court that if the courts of general jurisdiction would pass final judgment in behalf of a claimant for the payment of money wrongfully or improperly collected by the Secretary of State, that claimant would then have a right to present his claim in the Court of Claims to recover the amount found due him by the judgment or decree of a court of last resort of the State of Illinois.

For the reasons above set forth, it is recommended by this court that said claim be disallowed.